IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01454–RM–KMT

LAREDO LANDING OWNERS ASSOCIATION, INC., a Colorado nonprofit corporation,

    Plaintiff,

v.

SEQUOIA INSURANCE COMPANY, a California corporation,

    Defendant.

---

## ORDER

---

This matter is before the court on "Defendant's Motion to Compel Appraisal." (Doc. No. 24, filed Dec. 4, 2014.) "Plaintiff's Response to Defendant's Motion to Compel Appraisal" was filed December 31, 2014 (Doc. No. 29) and "Defendant's Reply in Support of it Motion to Compel Appraisal" was filed on January 9, 2015 (Doc. No. 30). For the following reasons, Defendant's Motion to Compel Appraisal is GRANTED.

In its Amended Complaint (Doc. No. 18, filed Aug. 4, 2014), Plaintiff asserts claims for breach of insurance contract and statutory and common law bad faith based on Defendant's alleged failure to provide full insurance coverage for damage to Plaintiff's insured property resulting from a May 5, 2012 wind and hail storm. Plaintiff alleges that, despite Plaintiff's independent adjuster's estimate that the cost to repair the property was $445,545.33, Defendant's adjuster estimated that the total cost of repairs was between $100,000 and $110,000, and that Plaintiff should be paid only $475.75 over the applicable deductible and depreciation. (*Id.* ¶¶ 17-

18.) Although Plaintiff admits that Defendant later agreed to pay an additional $29,666.39 to replace two additional roofs on the property (*id.* ¶ 23), Plaintiff nevertheless asserts that Defendant has acted in bad faith by not paying its claim in full (*id.* ¶¶ 24-25).

Plaintiff concedes that the relevant insurance policy contains an appraisal provision that provides, in pertinent part, as follows:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that the selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding . . . .

(Mot. at 2.) Based on this provision, Defendant seeks to compel an appraisal of the amount of the alleged loss caused by the storm.

Because the court's jurisdiction in this matter is founded on diversity of citizenship under 28 U.S.C. § 1332(a) (Not. of Removal, Doc. No. 1), the court applies the substantive law of Colorado. *Essex Ins. Co. v. Vincent,* 52 F.3d 894, 896 (10th Cir. 1995). At least two decisions from this District have found that the appraisal process like the one at issue here is properly "classified as an arbitration" under the Colorado Uniform Arbitration Act, Colo. Rev. Stat. § 13-22-201, *et seq.* ("CUAA"). *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n,* --- F. Supp. 3d ----, 2015 WL 1740818, at *4 (D. Colo. Apr. 14, 2015); *Lim v. Am. Economy Ins. Co.,* No. 13-cv-02063-CMA-KLM, 2014 WL 146440, at *4 (D. Colo. Apr. 14, 2014). As explained by Magistrate Judge Kristen L. Mix in *Lim,* "the appraisal process itself—which is limited to determining the amount of loss—is binding on both parties. This process fits many courts' definitions of arbitration, including the Tenth Circuit's

definition . . . ." *Lim,* 2014 WL 146440, at *3 (citing *Salt Lake Pub. Co.,* 390 F.3d 684, 689 (10th Cir. 2004)).

Colorado case law is in keeping with Judge Mix's holding in *Lim. See City & Cnty. of Denver v. Dist. Ct.,* 939 P.2d 1353 (Colo. 1997) (reversing district court's denial of motion to dismiss based on an ADR provision not involving arbitration). "Colorado possesses a tradition of supporting alternative dispute resolution mechanisms when agreed to by the parties." *Id.* ("The right of parties to contract encompasses the correlative power to agree to a specific ADR procedure for resolving disputes"). Although an appraisal process is not on all fours with arbitration, both are "rooted in similar policies of economy for the parties and judicial efficiency." *Id.* at 1363. As such, the court finds it "must accord the parties a presumption in favor of [appraisal] and must resolve all doubts about the scope of the [appraisal] clause in favor of the [appraisal] mechanism." *Id.* at 1364.

Plaintiff does not dispute that the appraisal provision is valid and binding. Instead, Plaintiff argues that Defendant waived its right to demand an appraisal because (1) it denied all liability and (2) failed to demand an appraisal within a reasonable time.

"The denial by an insurer of all liability under a policy is a waiver of the right to an appraisement." *Ins. Co. of N.A. v. Baker,* 268 P. 585, 586 (Colo. 1928). However, here Defendant has not denied all liability. Instead, the Amended Complaint makes clear that Defendant and Plaintiff disagree as to the extent of the damage caused by the storm. (Am. Compl. ¶¶ 17-23.) This disagreement as to the "amount of loss" is precisely what the appraisal provision is designed to address.

The court also disagrees that Defendant failed to demand an appraisal within a reasonable time. *City & Cnty. of Denver,* 939 P.2d at 1369 (waiver of a contractual right to ADR may occur where there has been a long delay before the request is communicated, the litigation has substantially progressed, or where the request was made close to trial).  Although Defendant's Motion to Compel was filed approximately seventh months after this action was initiated, Defendant made its first demand for appraisal on June 27, 2014—less than two months after Plaintiff filed its original Complaint.  (Mot. Compel, Ex. 2, Doc. No. 39-2.)  Although it appears that the parties continued to discuss the propriety of an appraisal for some time, Defendant continued to assert its right to demand an appraisal.  (*See* Scheduling Order § 3.b, Doc. No. 22 filed Aug. 21, 2014, .)  Under these circumstances, Plaintiff's mere assertion that "[e]xperts have been consulted and monies have been spent" (Resp. at 5) is insufficient to establish the unreasonable delay or undue prejudice necessary to find that Defendant waived its rights under the appraisal provision.

Finally, Plaintiff argues that an appraisal determination would have no effect on its claims for common law and statutory bad faith.  While legally correct, this does not foreclose an appraisal.  Indeed, "an ADR clause may be very expansive or limited to a few subject matters." *City & Cnty. of Denver,* 939 P.3d at 1364. *See also Lim,* 2014 WL 146440, at *3 (an enforceable arbitration provision "does not require that the parties empower that third party to decide every dispute between them.  It is enough here that the appraisal process bound the parties as to the amount of the loss.")  Thus, while the appraisal process will likely result in a binding determination as to the amount of loss—including any issues as to causation, *Auto-Owners Ins. Co.,* 2015 WL 1740818, at *3 (appraisers are authorized to resolve causation issues)— the court

4

acknowledges that the parties may need to resume this action to resolve issues outside the scope of the appraisal, s*ee id*. at *4 (advising the parties to ensure that the appraisers make appropriate factual conclusions to enable the court to make any outstanding coverage determinations).

As a final matter, the court must consider whether to stay proceedings until the appraisal process is completed. The court considers the following factors in determining whether a stay is appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

As to the first three factors, it is most efficient for the parties and the court to wait for the results of the appraisal before further proceeding with discovery and other matters. The appraisal process should resolve key factual issues that are in dispute. If the storm did not cause any damage beyond the amount found by Defendant's adjuster, then there will likely be no reason for this case to proceed any further. Alternatively, if Plaintiff is correct that the storm caused damage above and beyond the amount that Defendant has agreed to cover, appraisal will resolve the extent of that damage, which, in turn, may assist the parties in resolving a number of issues outside the scope of the appraisal process. Accordingly, appraisal could limit the need for discovery in this case, resulting in a significant cost savings to both parties.

The court gives little weight to the fourth and fifth factors, as the interests of non-parties and the public interest in general do not appear to be implicated in this case. On balance,

therefore, the court concludes that a stay is appropriate.

Accordingly, it is

ORDERED that "Defendant's Motion to Compel Appraisal" (Doc. No. 24) is GRANTED. The parties shall promptly and fully participate in the appraisal process, including by identifying their preferred appraisers in accordance with the appraisal provision no later than July 1, 2015. It is further

ORDERED that all discovery and other proceedings in this action are STAYED until completion of the appraisal process. No later than 14 days after the completion of the appraisal process, the parties shall file a Joint Status Report to advise if any issues remain in this case. It is further

ORDERED that the court reserves jurisdiction during the stay period to select an umpire if the parties cannot agree on one, or to resolve any intractable disputes that may arise regarding the appraisal process.

Dated this 10th day of June, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge